FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   AUG 01 2011   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY SANTOS, | |
| Plaintiff, | |
| -against- | |
| MIDLAND CREDIT MANAGEMENT, | |
| Defendant. | |

SUMMONS ISSUED

VERIFIED COMPLAINT



CV 11 3707
WEXLER, J
LINDSAY, M.

NOW COMES Plaintiff, Ruby Santos ("Plaintiff"), by her attorneys, Krohn & Moss, Ltd., and alleges the following against, Midland Credit Management ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in The Bronx, Bronx County, New York.

3. Plaintiff is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant is a California company with an office in San Diego, California.

5. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of New York; therefore, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

10. On or around May 24, 2011, Defendant began placing repeated calls to Plaintiff's place of employment seeking and demanding payment on an alleged debt.

11. Plaintiff spoke to Defendant's representative, "David," at 800-265-8825, extension 53063, to explain that Plaintiff is prohibited by her employer from receiving such calls at work.

12. David told Plaintiff that, if she did not return Defendant's calls, "harsh action" would be taken and that Defendant would "come after" her.

13. David did not identify that the call was from a debt collector or that it was an attempt to collect a debt, or that any information obtained would be used for that purpose.

14. On or around May 25, 2011, Defendant again called Plaintiff at work, and a representative told Plaintiff that she must provide her bank account number, or else face legal action.

15. Despite Plaintiff's repeated requests that calls to her place of employment cease, Defendant has continued to place collections calls to Plaintiff at her place of employment, on average of once per day.

## Claim for Relief

16. Defendant's violations of the FDCPA include, but are not limited to:

    (a) Defendant violated *§1692c(a)(1)* of the FDCPA by calling Plaintiff at her place of employment, a place known to be inconvenient to Plaintiff;

    (b) Defendant violated *§1692c(a)(3)* of the FDCPA by calling Plaintiff at her place of employment despite being informed that Plaintiff cannot receive such calls at work;

    (c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is the abuse and harassment of Plaintiff;

    (d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff;

    (e) Defendant violated *§1692(e)(5)* of the FDCPA by threatening to take any action that cannot legally be taken or is not intended to be taken; and

    (f) Defendant violated *§1692e(11)* of the FDCPA and failing to disclose in initial and subsequent communications with Plaintiff that the call is from a debt collector, is an attempt to collect a debt, and that any information obtained will be used for that purpose.

17. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

   (1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

   (2) Attorneys' fees and costs pursuant to 15 U.S.C. § 1692k; and

(3) Any other such relief as may be just, proper and equitable.

Dated:     July 26, 2011

KROHN & MOSS, LTD.

By: _____
Adam T. Hill
KROHN & MOSS, LTD.
120 W. Madison St., 10th Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-802-0021
ahill@consumerlawcenter.com
Attorney for Plaintiff

## VERIFICATION

STATE OF NEW YORK    )
                                            :ss
COUNTY OF _____ )

    Plaintiff, RUBY SANTOS, hereby declares and states:

1. I am the Plaintiff in this civil proceeding;
2. I have read the foregoing Verified Complaint prepared by my attorneys and I believe that all of the facts contained therein are true and correct, to the best of my knowledge, and formed after reasonable inquiry;
3. I belief that this civil Complaint is well ground in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law;
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it;
6. Each and every exhibit I have provided to my attorneys, which has/have been attached to this Complaint, is/are true and correct copy(s) of the original(s); and
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated the exhibit(s), except that some of the attached may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, RUBY SANTOS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/W/11

_____
RUBY SANTOS