# Krohn & Moss, Ltd.

(Arizona, California, Florida, Illinois, Indiana, Kentucky, Minnesota, Missouri, Nevada, Ohio, Texas, Wisconsin, Washington, DC)

Main Office
10 N. Dearborn St., 3rd Floor
Chicago, IL 60602
www.krohnandmoss.com

Writer's Direct Number
(312) 578-9428 Ext. 242
Writer's Direct Facsimile
(866) 289-0898
Writer's Direct E-Mail
ahill@consumerlawcenter.com
www.krohnandmoss.com

Writer licensed to practice
Only in:
Illinois
New York

October 27, 2011

VIA ECF

The Honorable Leonard D. Wexler
U.S. District Judge
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

RE:   <u>Ruby Santos v. Midland Credit Management</u>
      Case No. 2:11-cv-03707-LDW-ARL
      Request for pre-motion conference

Your Honor:

Plaintiff, Ruby Santos, brings forth the letter motion after numerous failed attempts to reach an agreement with Defendant, Midland Credit Management, to withdraw certain improper affirmative defenses to Plaintiff's Complaint. Specifically, and for reasons further stated *infra*, Defendant's third and fifth affirmative defenses are improper and Plaintiff hereby requests this Honorable Court strike said defenses. As Plaintiff's requests for Defendant to withdraw said affirmative defenses have gone without responses, Plaintiff respectfully requests a pre-motion conference with Your Honor in hopes of resolving this matter.

On August 1, 2011, Plaintiff filed her Verified Complaint against Defendant, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"). In summary, Plaintiff alleged that Defendant, a debt collector, called her while at work, despite being informed that her employer prohibits its calls, failed to provide certain disclosures required by the FDCPA, and used deceptive conduct to attempt to collect from Plaintiff. Thus, Plaintiff alleges that Defendant's conduct is violates §§1692c(a)(1), 1692c(a)(3), 1692d, 1692d(5), 1692e(5) and 1692e(11) of the FDCPA.

On October 4, 2011, Defendant filed its Answer and Affirmative Defenses. Defendant's third affirmative defense states: "Plaintiffs [sic] have brought this claim without conducting a good faith inquiry into the validity of this cause of action. This claim has been brought in bad faith and without substantial justification." Likewise, Defendant's fifth affirmative defense states: "Pursuant to 15 USC § 1692k, this action has been brought in bad faith and for the purpose of harassment. As such the court should award to the defendant, attorney's fees reasonable in relation to the work expended and costs." Plaintiff seeks to

strike these improperly pled affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) for failure to state a claim upon which relief can be granted. As mentioned *supra*, counsel for Plaintiff contacted defense counsel and requested the affirmative defenses at issue be withdrawn, however, the defenses have not been withdrawn, nor has Defendant addressed Plaintiff's request, forcing Plaintiff to file the instant letter motion.

Pursuant to FRCP 12(f), "[u]pon motion made by a party ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent , or scandalous matter." However, courts throughout the country disfavor motions to strike because often times such motions cause unnecessary delay. United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975); Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). That being said, a motion to strike a defective, immaterial, and baseless affirmative defense, such as the case here, will serve to expedite the litigation process by removing unnecessary clutter from this case. On the other hand, in an attempt to avoid motion practice in a fee-shift case, Plaintiff requested that Defendant file a notice of withdrawal of these affirmative defenses, or else Plaintiff will move forward with argument on the instant letter motion.

The Supreme Court of the United States set forth the framework for considering motions to dismiss. The Court held:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, **because they are no more than conclusions, are not entitled to the assumption of truth.** While legal conclusions can provide the framework of a [pleading], they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine **whether they plausibly give rise to an entitlement of relief.**

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (emphasis added). Here, Defendant has alleged "bad faith" in its affirmative defenses in an attempt to circumvent the procedures in place as established by the FDCPA and the Federal Rules of Civil Procedure. Simply, Defendant has failed to state a claim upon which relief can be granted.

Defendant's affirmative defenses are substantively and procedurally flawed. The FDCPA and Federal Rules of Civil Procedures provide the proper channel to allege bad faith. However, bad faith is not a cause of action that can be brought as an affirmative defense, as the Defendant did here. Further, even if Defendant had utilized the proper channel to bring an allegation or defense for bad faith, Defendant's baseless allegation would fail.

Although there is no evidence to suggest that Defendant is entitled to reasonable attorney fees and costs he FDCPA, this statute states that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." See 15 U.S.C. 1692k(a)(3). In order "[t]o recover attorney's fees under the FDCPA, the prevailing defendant must show affirmatively that the plaintiff brought the FDCPA claim in bad faith and for the purpose of harassment." Perry v. Stewart Title Co., 756 F. 2d 1197, 1211 (5th Cir. 1985) (emphasis added). Defendant argues Plaintiff filed her Complaint in bad faith, but rather than pursue the remedy available under the FDCPA at the conclusion

Page 3                                    October 27, 2011

of this case, Defendant improperly filed its affirmative defense, seeking to take this issue outside the province of the Court at the conclusion of this action.  Further, Plaintiff's Verified Complaint makes specific allegations as to the timeframe of the alleged conduct, as well as the employee alleged to have committed the unlawful conduct.  Accordingly, it cannot be said that Plaintiff's pursuit of this case was done without a good faith inquiry or in bad faith as the alleged conduct, if turns out to be true as believed by Plaintiff, would be in violation of the FDCPA.  Nevertheless, it should not be left for the jury, should Plaintiff not prevail, to determine if this action was brought for an improper purpose as Defendant's affirmative defense would require.  Rather, any issue raised by Defendant's affirmative defense regarding Plaintiff's purpose for filing her Complaint should be addressed by the plain language of section § 1692k(a)(3) of the FDCPA.  On January 19, 2011, a district court in the Northern District of Texas addressed this issue and granted the plaintiff's motion to dismiss the debt collector's bad faith counterclaim because it does not create an independent cause of action.  See Allen v. Michael J. Scott, P.C., 3:10-cv-02005-F (N.D. Tex. Jan. 19, 2011).

Thus, Defendant's third and fifth affirmative defenses are improperly pled.  Accordingly, Plaintiff respectfully requests that this Honorable Court strike said affirmative defenses.

Sincerely,

Adam Hill
Attorney at Law

ATH/ath
Cc: Thomas A. Leghorn and Jill Alward (via ECF)